IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| R.T., a minor, by and through her | : | Case No. C-1-05-605 |
| next friend and mother Cynthia Harris, | : | |
| | : | District Judge Susan J. Dlott |
| Plaintiff, | : | |
| | : | ORDER GRANTING |
| v. | : | DEFENDANTS CINCINNATI |
| | : | PUBLIC SCHOOLS', JANICE |
| Cincinnati Public Schools, *et al.* | : | PITTS', AND UNNAMED |
| | : | CINCINNATI PUBLIC SCHOOL |
| Defendants. | : | EMPLOYEES' MOTION FOR |
| | : | INVOLUNTARY DISMISSAL, |
| | : | DISMISSING WITH PREJUDICE |
| | : | PLAINTIFF'S CLAIMS |
| | : | AGAINST THOSE |
| | : | DEFENDANTS, AND DENYING |
| | : | AS MOOT THOSE |
| | : | DEFENDANTS' MOTION TO |
| | : | DISMISS |
| | : | |

This matter comes before the Court on the Motion to Dismiss for Failure to State a Claim of Defendants Cincinnati Public Schools, Janice Pitts, and Unnamed Cincinnati Public School Employees[1] ("School Defendants") (doc. #8) and those Defendants' Notice of [Plaintiff's] Non-opposition to School Defendants' Motion to Dismiss for Failure to State a Claim ("Notice") (doc. #12). In their Notice, the School Defendants moved this Court to enter an order either 1) involuntarily dismissing them from this case pursuant to Federal Rule of Civil Procedure 41(b); or

---

[1] Plaintiff named in her complaint as Defendants Cincinnati Public School Employees John and Jane Does 6-10. (See doc. #1, ¶ 9.) In their Notice, the School Defendants refer to John Doe Defendants 6-10 as the "[U]nnamed Cincinnati Public School Employees." (Doc. #12 at 1.) In this Order, the Court will also use that term to refer to John Doe Defendants 6-10.

2) granting their unopposed motion to dismiss.  On April 27, 2006, this Court entered a Show Cause Order, ordering that Plaintiff show cause, within 15 days of the date of the Order, why her case against the School Defendants should not be dismissed with prejudice for failure to prosecute (doc. # 13).  Plaintiff has not responded and her time to do so has passed.

Preliminarily, the Court notes that in the Rule 26(f) Report of the Parties, the Plaintiff represented that:  "Plaintiffs [sic] intend to voluntarily dismiss Defendant Cincinnati Public Schools."  (See doc. #10, ¶ 7.)  This statement, combined with Plaintiff's failure to respond to the show cause order, suggests that Plaintiff does not contest, and in fact intended, to dismiss the School Defendants.[2]  Regardless, the relevant factors demonstrate that an involuntary dismissal of the School Defendants under Federal Rule of Civil Procedure 41(b) is appropriate in this case.

Rule 41(b) provides that a court may dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of [the] court." Fed. R. Civ. P. 41(b).  "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'"  Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 362 (6th Cir. 1999).  A court should consider four

---

[2] In its Show Cause Order, the Court noted that "the School Defendants' interpretation of Plaintiff's statement in the parties' Rule 26(f) Report – that is, that Plaintiff intended to dismiss both Defendant Cincinnati Public Schools and the other School Defendants – is reasonable, particularly given Plaintiff's other alleged representations to the School Defendants and her failure to request discovery from any of the School Defendants.  However, in the Rule 26(f) Report, Plaintiff stated only that she intended to dismiss *one* of the School Defendants, Defendant Cincinnati Public Schools."  Given that ambiguity, the Court declined to order a Rule 41(b) involuntary dismissal of any of the School Defendants, and instead gave Plaintiff another opportunity to clarify her intentions.  Given Plaintiff's failure to respond, and the School Defendants' representation that Plaintiff's counsel informed the School Defendants' counsel that he intended to dismiss them, the Court finds it appropriate to dismiss all of the School Defendants, and not merely Defendant Cincinnati Public Schools.  Moreover, as discussed below, Plaintiff has failed to prosecute this case against any of the School Defendants.

factors when deciding whether to dismiss a case pursuant to Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." Id. at 363. "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." Id.

Here, because Plaintiff had been warned by this Court's show cause order that failure to respond could lead to dismissal, her failure to respond or otherwise proceed is clearly willful. Thus, factors one and three support dismissal.  Also, the School Defendants have represented to this Court that, in reliance on Plaintiff's counsel's representation (both in the Rule 26(f) plan and to their counsel) that they would be dismissed, they have not yet engaged in any discovery (nor has Plaintiff sought any discovery from them).  (See doc. #12 at 2.)  According to the Court's preliminary pretrial order, discovery in this case closes on June 1, 2006.  (Doc. # 11.)  If the School Defendants remained in the case, they would be prejudiced by the brief time to conduct discovery before the discovery deadline.  Factor two thus also supports dismissal.  Finally, upon the School Defendants' Notice, this Court did not immediately dismiss the School Defendants, but rather entered the Show Cause Order.  Thus, factor four supports dismissal as well.

Moreover, as the Court noted in its Show Cause Order, "Plaintiff appears to have been neglecting the action against all of the School Defendants.  Plaintiff has failed to 1) respond to the School Defendants' Motion to Dismiss, 2) engage in any discovery with the School Defendants, or 3) respond to the School Defendants' Notice requesting an involuntary

dismissal." (See doc. #13 at 2-3.)  Plaintiff has now also failed to respond to an Order of this Court.  There is a clear record of Plaintiff's delay in this case warranting an involuntary dismissal of the School Defendants.

The Court thus **GRANTS** the School Defendants' motion for involuntary dismissal made in their Notice (doc. #12) and **DISMISSES** Plaintiff's claims against Defendants Cincinnati Public Schools, Janice Pitts, and Unnamed Cincinnati Public School Employees **WITH PREJUDICE**.  The Court consequently **DENIES AS MOOT** the School Defendants' Motion to Dismiss for Failure to State a Claim (doc. #8).

IT IS SO ORDERED.

    s/Susan J. Dlott        
Susan J. Dlott
United States District Judge

4