IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **RT**, a minor, | : | Case No. 1:05cv605 |
| by and through her next friend and mother | : | |
| Cynthia Harris, | : | District Judge Susan J. Dlott |
| | : | |
| Plaintiff, | : | ORDER GRANTING |
| | : | DEFENDANTS' MOTION FOR |
| v. | : | SUMMARY JUDGMENT |
| | : | |
| **Cincinnati Public Schools**, et al., | : | |
| | : | |
| Defendants. | : | |

This matter comes before the Court on the Defendants' Motion for Summary Judgment (doc. 23). For the reasons that follow, the Court **GRANTS** Defendants' motion.

I.  BACKGROUND

Plaintiff RT, a minor, brought this lawsuit alleging that her school, the school's principal, the City of Cincinnati, and a Cincinnati police officer violated her civil rights when the school responded to her disorderly behavior by calling the police, and the responding officer tased her and placed her under arrest. The Court dismissed the action as to the Cincinnati Public Schools, the school principal, and unnamed school employees when RT failed to oppose those Defendants' motion to dismiss and did not respond to the Court's show cause order. (Doc. 14.) Accordingly, only RT's claims against the City and Police Officer Rhone remain.[1] These Defendants now move the Court to grant summary judgment in their favor on all RT's claims

---

[1] Though RT's Complaint listed five John Doe defendant police officers, RT never amended her Complaint to name these defendants. These John Doe defendants were dismissed by order of the Court on May 25, 2006. Even if these defendants had not been dismissed by the Court, RT has presented no evidence to sustain a claim against any unnamed police officers involved in the incident.

against them: 42 U.S.C. § 1983, 42 U.S.C. § 1985, assault, battery, false arrest, malicious prosecution, intentional infliction of emotional distress, and negligent infliction of emotional distress. Plaintiff did not oppose Defendants' motion, and the time permitted for her to do so has passed.

## II.　SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the burden of showing that no genuine issues of material fact are in dispute, and the evidence, together with all inferences that can permissibly be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). The moving party may support the motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In responding to a summary judgment motion, the nonmoving party may not rest upon the pleadings but must go beyond the pleadings and "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). The nonmoving party "must set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The task of the Court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249.

**III.     ANALYSIS**

   **A.     Plaintiff's Claims Under 42 U.S.C. § 1983**

RT brings § 1983 claims against the City and against Officer Rhone.  She alleges generally that the Defendants' actions deprived her of her Fourth Amendment right to be free from an unreasonable search and seizure and excessive force.  (Doc. 1 at 6.)  She alleges specifically that when Officer Rhone arrested her, he violated her constitutional right to be secure in her person against unreasonable searches and seizures and excessive force.  (*Id*. at 8.)  Defendants argue that RT's Fourth Amendment claim against Officer Rhone fails because the undisputed facts lead to but one conclusion: that Officer Rhone's on-the-spot judgment to use a taser on RT when she was resisting arrest did not violate the Fourth Amendment.  Furthermore, Defendants argue that even if Officer Rhone's use of the taser violated RT's constitutional rights, he is entitled to qualified immunity from suit.  Finally, Defendants argue that the City cannot be liable under § 1983 because RT cannot establish that the City had an unconstitutional policy or custom that proximately caused a constitutional injury.

   **1.     Officer Rhone**

Courts analyze claims that law enforcement officers have used excessive force in the course of an arrest using the Fourth Amendment's "reasonableness" standard.  *Graham v. Connor*, 490 U.S. 386, 395 (1989).  The reasonableness test is not capable of mechanical application but requires careful application of the facts of the case, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  *Id.* at

3

396. The reasonableness standard "contains a built-in measure of deference to the officer's on-the-spot judgment about the level of force necessary in light of the circumstances of the particular case." *Burchett v. Kiefer*, 310 F.3d 937, 944 (6th Cir. 2002). In other words, a court must "ask whether the officer's actions, in light of the totality of the circumstances, were objectively reasonable." *Kostrzewa v. City of Troy*, 247 F.3d 633, 639 (6th Cir. 2001).

The undisputed evidence is as follows:[2]

- RT caused a disturbance at school, and a school official called the police for assistance.

- RT refused to comply with Officer Rhone's repeated requests to get off the hallway floor and report to in-school suspension.

- RT responded to Officer Rhone's attempt to get her to move by kicking, screaming, jerking, biting, and pushing her body away from him.

- Officer Rhone warned RT several times that if she did not calm down and quit fighting that he would tase her.

- RT resisted arrest and did not comply with the Officer's orders.

- Officer Rhone tased RT one time, after which she became compliant and the officers were able to handcuff her.

- After being tased, RT fell against a wall and suffered a scratch to her right elbow.

---

[2] In compliance with this Court's Standing Order Governing Civil Motions For Summary Judgment ("Standing Order") (effective March 1, 2006), Defendants attached a Statement of Proposed Undisputed Facts ("Proposed Facts") to the brief in support of their motion. (Doc. 23 at 20-22.) Plaintiff did not file a memorandum in opposition to Defendants' motion, nor did she controvert any of Defendants' Proposed Facts. Accordingly, all material facts set forth in Defendants' Proposed Facts are deemed admitted pursuant to (A)(1) of the Standing Order.

- The scratch to RT's elbow, other than the taser itself, was her only injury.

- Officer Rhone decided to use the taser because he thought it was the most effective way to end RT's resistance without causing her physical injury.

(Doc. 23 at 20-22.) Defendants filed in support of their motion the affidavit of Officer Rhone (*id.* Ex. C), the affidavit of Officer Dudley (*id*. Ex. D), the declaration of a teacher who witnessed the incident (*id*. Ex. E), and the declaration of the school principal who witnessed the incident (*id*. Ex. F), all of which support Defendants' statement of the facts.

RT admitted in Hamilton County Juvenile Court that she resisted a lawful arrest.[3] (*Id.* Ex. H, August 24, 2006 Decision of Magistrate, Hamilton County Juvenile Court, Case No. 05-18691.) RT also admitted that Officer Rhone warned her that he would tase her if she did not calm down. (*Id.*, Statement of RT, Ex. G at 2-3.) The Cincinnati Police Department ("CPD") Use of Force Policy instructs: "Use the ... taser to control actively resisting subjects, aggressive non-complaint subjects, or violent or potentially violent subjects." (*Id.*, Policy 12.545, Ex. I at 11.) In light of this undisputed evidence, the Court concludes that Officer Rhone's use of force was reasonable under the circumstances and that he complied with CPD Policy concerning use of force when he used the taser to obtain RT's compliance. RT has failed to set forth specific facts showing that there is a genuine issue for trial as to her claim that Officer Rhone violated her constitutional rights. Accordingly, the Court need not analyze whether Officer Rhone is entitled to qualified immunity.

---

[3] Ohio Rev. Code § 2921.33, Resisting Arrest, provides that "[n]o person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another."

    **2.**  **The City**

  RT in her Complaint makes the bare assertion that Rhone and other officers' detention, seizure, confinement, and assault of RT resulted "from the City's deliberate conduct in establishing a policy and custom that encourages and acquiesces in Fourth and Fourteenth Amendment violations." (Doc. 1 ¶ 23.) Defendants respond that because no one from the City of Cincinnati violated RT's constitutional rights, the City cannot be held liable under § 1983.

  The doctrine of respondeat superior is inapplicable to §1983 actions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978). A municipality can be held liable for a constitutional violation only when execution of the municipality's policy or custom inflicts the alleged injury. *Id.* at 694. The official policy or custom "must be the moving force of the constitutional violation in order to establish the liability of a government body under § 1983." *Polk County v. Dodson*, 454 U.S. 312, 326 (1981). A municipality cannot be held liable under § 1983 absent an underlying constitutional violation by its officers. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Because RT has failed to state a § 1983 claim against Officer Rhone, and because RT has set forth no evidence to support a claim that the City has a policy that was the moving force behind the allegedly unconstitutional conduct, RT's § 1983 claim against the City must fail.

    **B.**  **Plaintiff's Claim Under 42 U.S.C. § 1985**

  RT alleges in her Complaint that the originally named Defendants–Cincinnati Public Schools, the principal of RT's school, the City of Cincinnati, and Officer Rhone–entered into a conspiracy with one another for the purpose of violating RT's rights. Now that the Cincinnati Public Schools Defendants have been dismissed from this lawsuit with prejudice, RT's

conspiracy claim brought pursuant to 42 U.S.C. § 1985 fails as a matter of law.

To state a cause of action under § 1985, a plaintiff must prove the existence of a conspiracy among two or more persons. *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 509 (6th Cir.1991). The Court already dismissed with prejudice claims against the Cincinnati Public Schools Defendants, a decision that operates as a decision on the merits. Thus, the Court has determined that the Cincinnati Public Schools Defendants cannot be held liable for civil conspiracy as a matter of law. The only remaining defendants in this case are the City of Cincinnati and Officer Rhone. The Sixth Circuit has rejected the concept of an "intra-corporate conspiracy," holding that an entity cannot conspire with its own agents or employees. *United Food & Commercial Workers Local 1099 v. City of Sidney*, 364 F.3d 738, 753 (6th Cir. 2004). Since the remaining possible co-conspirators are the City and one of its employees, RT cannot meet her burden of proving a conspiracy between two or more persons.

   **C.**  **Plaintiff's Claims Under Ohio Law**

Plaintiff brings six claims against the Defendants under Ohio law: assault, battery, false arrest, malicious prosecution, intentional infliction of emotional distress, and negligent infliction of emotional distress. Defendants argue that Officer Rhone is immune from liability pursuant to Ohio Rev. Code § 2744.03, which provides immunity to an employee of a political subdivision unless the employee acted "with malicious purpose, in bad faith, or in a wanton or reckless manner." Defendants argue that the City is immune from tort liability pursuant to Ohio Rev. Code § 2744.02, which broadly immunizes political subdivisions from liability when performing a governmental or proprietary function.

### 1. Officer Rhone

In her Complaint, RT claims that the officers' actions "go beyond all possible bounds of decency, and are malicious, outrageous, and utterly intolerable in a civilized society." However, RT has not alleged any facts to support such a claim. The standard for wanton misconduct--behavior that would remove an officer from the shield of immunity--is high. *Fabrey v. McDonald Village Police Dept*, 70 Ohio St.3d 351, 356, 639 N.E.2d 31, 35 (1994). The Ohio Supreme Court has defined wanton misconduct as the failure to exercise any care whatsoever. *Id.* RT has set forth no evidence that Officer Rhone's conduct in this matter qualifies as wanton. Accordingly, Ohio Rev. Code § 2744.03(A)(6) extends immunity to the officer, and RT's state statutory and common law tort claims against him must fail. Furthermore, RT's claims of assault and battery fail as a matter of law because the officers that had physical contact with her had privilege to do so to effect a lawful arrest. *Hale v. Vance*, 267 F. Supp. 2d 725, 736 (S.D. Ohio 2003).

### 2. The City

The Court finds the City is immune pursuant to Ohio Rev. Code § 2744.02(A)(1), providing that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." None of the exceptions to immunity described in Ohio Rev. Code § 2744.02(B) apply.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (doc. 23) is **GRANTED**.

IT IS SO ORDERED.

                                                ___s/Susan J. Dlott_____
                                                Susan J. Dlott
                                                United States District Judge